**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20423**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RICHARD KEITH BLACK,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CR-H-95-169)**
_____
**June 9, 1997**

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard Keith Black appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), basing error on the admission of evidence that the firearms found in the trunk of his car had been acquired by a burglary, and on the jury being instructed on deliberate ignorance. We **AFFIRM**.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On 20 October 1994, Houston Police Department Officer Simien was conducting plainclothes surveillance in an unmarked car, due to a high incidence of burglaries in the area. Late that morning, he observed two men, subsequently identified as Black and Thomas Kennedy Zachary, standing behind a car parked near a dumpster in a shopping center parking lot; they appeared to be changing the vehicle's license plate. When they left the lot in the car, Officer Simien followed them because they were not wearing seat belts; and, even though a metal license plate was beneath the vehicle's bumper, a paper dealer's license was also in its window.

When a marked police car drove by, Officer Simien observed Black and Zachary give it a "real hard stare"; and Black, who was driving, made an erratic lane change. Officer Simien called for a marked police unit to stop the car for the traffic violations he had observed. Three such vehicles responded. Upon seeing them, Black attempted to take evasive action.

Black's car was stopped, and he was arrested because he could not produce proof of insurance or registration for it. Zachary also was arrested on outstanding traffic warrants. In an inventory search of the vehicle, the police found five rifles in the trunk, together with a pair of gloves, a screwdriver, and a pry bar with wood chips on it.

Black was indicted for being a felon in possession of firearms. At trial, Kenneth Boot testified that the rifles found

in the trunk had been stolen from his home the morning that Black was arrested; and that the door to his house had been pried open. Boot's house is located approximately three or four miles from the place of Black's arrest. An automobile wholesaler testified that he had sold the vehicle involved in the incident to Black 13 days before Black's arrest; and that there were no guns in the trunk when he sold it to Black.

Marion Martinez testified as follows for the defense: that Zachary had driven Black's car to her home at 9:15 a.m. the day of his and Black's arrests; that Zachary remained for about an hour; and that, as he was leaving, he asked if she "knew where to get rid of some guns".

The jury found Black guilty. He was sentenced to 293 months imprisonment.

## II.

Black contends that Boot's testimony about the theft of the guns was inadmissible under FED. R. EVID. 404(b), and that the district court erred by instructing on deliberate ignorance.

## A.

According to Black, Boot's testimony should have been excluded under Rule 404(b) because there was no evidence that Black committed the burglary and because it was unfairly prejudicial. Evidence of other crimes or acts is admissible under the Rule if it is relevant to an issue other than the defendant's character, and it has probative value that is not substantially outweighed by its

- 3 -

undue prejudice and meets the other requirements of FED. R. EVID. 403 (relevant evidence may be excluded if probative value substantially outweighed by danger of confusion of issues, misleading jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence). *See **United States v. Buchanan***, 70 F.3d 818, 831 (5th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1340, 1366 (1996).

On the other hand, the Rule does not apply to evidence of an act that is "inextricably intertwined" with evidence of the crime, or to evidence of an uncharged offense arising out of the same transaction or series of transactions as the charged offense, because such evidence is intrinsic, rather than extrinsic, within the meaning of Rule 404(b). *See **United States v. Garcia***, 27 F.3d 1009, 1014 (5th Cir.), *cert. denied*, 513 U.S. 1009 (1994); ***United States v. Dula***, 989 F.2d 772, 777 (5th Cir.), *cert. denied*, 510 U.S. 859 (1993). Intrinsic evidence is admissible to allow the jury to evaluate all of the circumstances under which the defendant acted. ***United States v. Royal***, 972 F.2d 643, 647 (5th Cir. 1992), *cert. denied*, 507 U.S. 911 (1993).

At trial, Black objected to Boot's testimony on the grounds that it was cumulative because the jury had already heard that the Officer learned that the firearms had been stolen in a burglary; it was prejudicial because Black was not on trial for burglary; and the prejudicial effect outweighed its probative value because the

- 4 -

evidence was too tenuous to link Black to the burglary.  But, most important for our purposes, Black did not object on the basis that the evidence was extrinsic or that it was not relevant to an issue other than his character; in fact, he did not even mention Rule 404(b).

In short, Black's objection was not sufficiently specific to put either the district court or the Government on notice that he objected on Rule 404(b) grounds.  Accordingly, we review for abuse of discretion his objections on the grounds presented at trial and raised on appeal (prejudicial, insufficient evidence connecting him to the burglary); but, we review only for plain error his Rule 404(b) claim raised for the first time on appeal.  *See **United States v. Pace***, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994) (evidentiary rulings reviewed for abuse of discretion); ***United States v. Allen***, 76 F.3d 1348, 1367 (5th Cir.) (reviewing Rule 404(b) claim for plain error where trial objection not on Rule 404(b) grounds), *cert. denied*, ___ U.S. ___, 117 S. Ct. 121 (1996); ***United States v. Greenwood***, 974 F.2d 1449, 1462-63 (5th Cir. 1992) (reviewing Rule 404(b) claim for plain error where trial objection based on general "relevancy" grounds), *cert. denied*, 508 U.S. 915 (1993); ***United States v. Marrero***, 904 F.2d 251, 259 (5th Cir.) (reviewing Rule 404(b) claim for plain error where trial objection based on relevancy, materiality, and Government's alleged failure to produce the challenged evidence during discovery), *cert.*

*denied*, 498 U.S. 1000 (1990). *But see* **United States v. Rocha**, 916 F.2d 219, 240-41 & n.26 (5th Cir. 1990) (applying Rule 404(b) analysis even though trial objection was a general assertion of prejudice and Rule 404(b) not mentioned), *cert. denied*, 500 U.S. 934 (1991).

There was neither an abuse of discretion nor plain error. The evidence regarding the burglary was inextricably intertwined with that necessary to prove Black knowingly possessed the guns. Contrary to his assertion, there was other circumstantial evidence connecting him to the burglary. When first observed by Officer Simien, Black appeared to be changing a license tag on the back of his car; a screwdriver, the type tool needed to change the license tag, was found in the trunk of his car, along with the stolen guns. Black drove his car in an evasive manner after observing marked police cars. The door to Boot's home, from which the guns were stolen, was pried open; and the stolen guns and a pry bar with wood chips on it were in the trunk of Black's car when he was arrested three or four miles from Boot's house. Evidence of the burglary was relevant to Black's knowledge of the presence of the guns in his trunk, and its probative value was not substantially outweighed by undue prejudice.

### B.

The only contested issue at trial was whether Black knew that the rifles were in his trunk. The court instructed the jury that,

to convict Black, the Government had to prove beyond a reasonable doubt, *inter alia*, that Black knowingly possessed the firearms. "Knowingly" was defined as meaning "that the act was done voluntarily and intentionally and not because of mistake or accident or other innocent reason."  Pursuant to the Government's request, and over Black's objection, the district court gave the following deliberate ignorance instruction:

> You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of a defendant cannot be established merely by demonstrating a defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

Black contends that there was no evidentiary basis for the instruction.

Because a deliberate ignorance instruction may confuse the jury and creates a risk that it might convict for negligence or stupidity, it should be given rarely; it is proper only when the defendant claims a lack of guilty knowledge and the evidence supports an inference of deliberate ignorance. ***United States v. Cartwright***, 6 F.3d 294, 301 (5th Cir. 1993), *cert. denied*, 513 U.S. 1060 (1994).  The Government concedes error, but asserts that it was harmless.  Black claims that the error was not harmless because knowledge was a contested issue and the evidence of his guilt was not overwhelming.

Black did not make a statement to the police after he was arrested, and did not testify at trial. There is no evidence that he consciously avoided knowledge of the rifles in the trunk; as he maintains, the evidence permits only two inferences -- either he knew the firearms were there, or he did not. In such cases, an erroneous deliberate ignorance instruction is harmless error because it is "surplusage" and does not create a risk that the jury will convict the defendant for negligence. *See **United States v. Boutte***, 13 F.3d 855, 859 (5th Cir.), *cert. denied*, 513 U.S. 815 (1994); ***Cartwright***, 6 F.3d at 301.

Black contends, however, that the error was structural, and not subject to harmless error analysis. He relies on ***Sullivan v. Louisiana***, 508 U.S. 275 (1993), in which the Court held that an unconstitutional reasonable-doubt instruction is a structural error not subject to harmless-error review.

This contention is foreclosed by our post-***Sullivan*** decisions which have applied harmless-error analysis to improper deliberate ignorance instructions. *See **Boutte***, 13 F.3d at 859; ***Cartwright***, 6 F.3d at 301. Post-***Sullivan*** decisions in other circuits also apply harmless-error analysis in such instances. *See **United States v. Fulbright***, 105 F.3d 443, 447 (9th Cir.), *cert. denied*, ___ U.S. ___, 1997 WL 221622 (1997); ***United States v. Tokars***, 95 F.3d 1520, 1541 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1282, 1328 (1997); ***United States v. Mari***, 47 F.3d 782, 786 (6th Cir.),

*cert. denied*, ___ U.S. ___, 115 S. Ct. 2626 (1995); **United States v. Scott**, 37 F.3d 1564, 1578-79 (10th Cir. 1994), *cert. denied*, 513 U.S. 1100, and *cert. denied*, ___ U.S. ___, 115 S. Ct. 1323, 1324 (1995); **United States v. Perez-Tosta**, 36 F.3d 1552 (11th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2584 (1995); **United States v. Adeniji**, 31 F.3d 58, 62-63 (2d Cir. 1994).

This notwithstanding, Black asserts that **Cartwright** and **Boutte** are not controlling because, even though they were decided post-**Sullivan**, our court did not consider it in applying harmless-error analysis. But, it is well-settled that one panel may not overrule the decision--right or wrong--of a prior panel, absent en banc reconsideration or a change in the law, such as a decision by the Supreme Court. *E.g.*, **Matter of Dyke**, 943 F.2d 1435, 1442 (5th Cir. 1991). To adopt Black's assertion would circumvent this well-established and most necessary rule; it would require us to hold that **Cartwright** and **Boutte** were wrongly decided because they did not follow **Sullivan**. For our rule to have efficacy, a subsequent panel must assume that a prior panel was aware of Supreme Court decisions even if they were not discussed in the prior panel's opinion. Otherwise, a panel could always circumvent a prior panel by looking for issues not addressed expressly in that earlier opinion, even if the controlling issue, as here, is the same.

Moreover, **Sullivan** is distinguishable. In that case, the defective reasonable-doubt instruction violated the Sixth Amendment

right to a jury trial because it did not produce a jury verdict of guilty beyond a reasonable doubt. 508 U.S. at 278. Accordingly, there was no jury verdict of guilty beyond a reasonable doubt to which harmless-error review could be applied. *Id*. at 279. Here, in contrast, the jury was instructed that, in order to convict Black, it must find, beyond a reasonable doubt, that, *inter alia*, he knowingly possessed the rifles. The jury was given two alternatives on which to base a finding of knowledge: actual knowledge; and deliberate ignorance. Because we presume that the jury followed its instructions to convict only if it found the element of knowledge beyond a reasonable doubt, *see **Zafiro v. United States***, 506 U.S. 534, 540 (1993), it follows that the jury disregarded the deliberate ignorance theory for that element, which was not supported by any evidence; and that the guilty verdict was based on the only remaining theory -- Black's actual knowledge, for which Black does not contend there was insufficient evidence. Accordingly, unlike in **Sullivan**, there is a verdict of guilty beyond a reasonable doubt to which harmless-error review can be applied.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

- 10 -