**UNITED STATES of America,
Appellee,**

v.

**Jese HERNANDEZ–MENDOZA,
Appellant.**

No. 08–3898.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 21, 2009.

Opinion Filed: April 6, 2010.

Amended: July 7, 2010.

Rehearing Denied: July 7, 2010.

Mark Alexander Vargo, U.S. Attorney's Office, argued, Rapid City, SD, for Appellee.

George E. Grassby, Federal Public Defender's Office, argued, Rapid City, SD, for Appellant.

Jese Hernandez-Mendoza, Big Spring, TX, pro se.

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

COLLOTON, Circuit Judge.

Jese Hernandez–Mendoza, the appellant in No. 08–3898, has filed a petition for rehearing in which he challenges the panel's holding that any error in the district court's deliberate indifference instruction was harmless. *See United States v. Hernandez–Mendoza,* 600 F.3d 971, 979–80 (8th Cir.2010). He first contends that the government waived any argument that error was harmless by failing to brief the issue on appeal. We reject this argument,

as it is well established that the court may consider harmlessness on its own initiative. *Lufkins v. Leapley,* 965 F.2d 1477, 1481 (8th Cir.1992).

Hernandez–Mendoza also contends that the panel overlooked a conflict in the circuits, and with this circuit's precedent, on whether the analysis of *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), should be applied when considering the harmlessness of an allegedly erroneous deliberate indifference instruction. Having examined the cited authorities, we think the suggested conflict is illusory. Every court of appeals to consider *Griffin* in this context has found it applicable. *United States v. Daly,* 243 Fed.Appx. 302, 309 (9th Cir.2007); *United States v. Leahy,* 445 F.3d 634, 654 n. 15 (3d Cir.2006); *United States v. Hanzlicek,* 187 F.3d 1228, 1234–36 (10th Cir.1999); *United States v. Ebert,* 178 F.3d 1287, 1999 WL 261590, *29–30 (4th Cir.1999) (unpublished table decision); *United States v. Mari,* 47 F.3d 782, 785–86 (6th Cir.1995); *United States v. Adeniji,* 31 F.3d 58, 63–64 (2d Cir.1994); *United States v. Stone,* 9 F.3d 934, 940–42 (11th Cir.1993). The principal cases purportedly establishing a "conflict," including this court's decision in *United States v. Barnhart,* 979 F.2d 647 (8th Cir. 1992), do not mention *Griffin,* and do not reject its application. They simply reject different arguments of harmlessness that evidently were advanced by the government, *see, e.g., United States v. Hilliard,* 31 F.3d 1509, 1516–17 (10th Cir.1994); *Barnhart,* 979 F.2d at 652–53; *United States v. Mapelli,* 971 F.2d 284, 287 (9th Cir.1992), or do not even consider harmlessness. *See United States v. Ojebode,* 957 F.2d 1218, 1229 (5th Cir.1992). In three circuits with decisions cited as allegedly conflicting, different panels have held that analysis based on the *Griffin* principles does apply. *Daly,* 243 Fed.Appx. at

309; *Hanzlicek,* 187 F.3d at 1234–36; *United States v. Black,* 119 F.3d 1, 1997 WL 367451, *3–4 (5th Cir.1997) (unpublished table decision). We therefore conclude that our panel decision does not conflict with *Barnhart* or with the decisions of other circuits. *See Ebert,* 178 F.3d 1287, 1999 WL 261590, at *30 ("The split in authority . . . is more apparent than real.").

Hernandez–Mendoza also suggests that the standard of proof should be harmlessness beyond a reasonable doubt, rather than absence of substantial influence on the verdict, because the improper use of a willful blindness instruction affects a constitutional right. *See Barnhart,* 979 F.2d at 652. Application of the proposed standard does not affect our analysis, because *Griffin* involved a constitutional right under the Due Process Clause, 502 U.S. at 48–49, 112 S.Ct. 466, and the recognition of a constitutional claim thus poses no difficulty for the application of *Griffin* in this context. We have therefore amended our opinion accordingly.

Rehearing denied.