# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3973

———————

United States of America,

      Appellee,

v.

Orrington Gardner,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: July 15, 2010
Filed:  July 20, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Orrington Gardner appeals his felon-in-possession conviction and the 120-month sentence imposed by the district court[1] following a jury trial. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) the conviction was not supported by the evidence, and (2) the district court erred in imposing a sentencing enhancement.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Viewing the evidence in a light most favorable to the jury's verdict and accepting all reasonable inferences that support the verdict, we conclude that the evidence was sufficient to support Gardner's conviction for being a felon in possession of a firearm. See United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009) (standard of review). Gardner stipulated to the prior-felony-conviction and interstate-commerce elements of the offense; and there was sufficient circumstantial evidence that he possessed a gun because police officers testified that they found a gun that appeared to have been recently dropped in the direct path of Gardner's 50-yard flight from police, and only the police and Gardner were present at the scene. See United States v. Lofton, 557 F.3d 594, 596 (8th Cir. 2009) (elements of offense); United States v. Light, 406 F.3d 995, 997-98 (8th Cir. 2005) (knowing possession of firearm may be based on circumstantial evidence).

We also conclude that the district court did not err in imposing a 4-level sentencing enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6). In any event, we conclude that any error was harmless because, after calculating the respective Guidelines ranges with and without the enhancement, the court expressly stated that it would have imposed the same 120-month sentence in either case. See United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007) (where sentencing court pronounces identical alternative sentence, error in calculating Guidelines range is harmless if it is clear that alternative sentence is based on identifiable, correctly calculated Guidelines range).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____