# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3591

_____

United States of America,

*Plaintiff - Appellee,*

v.

Timothy Jerome Bailey,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 20, 2016
Filed: August 5, 2016

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Timothy Bailey appeals from his conviction for possession of a firearm as a previously convicted felon. Bailey contends that the district court[1] erred in denying

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

a motion to suppress his recorded post-arrest statements, and that the government produced insufficient evidence to support a judgment of conviction. We affirm.

I.

On March 25, 2014, Officer Daniel Irish of the Champlin Police Department stopped a vehicle because Bailey, who was riding in the front passenger seat, was not wearing a seatbelt. After the vehicle stopped, Bailey got out and ran through a nearby residential neighborhood, with Irish giving chase. Bailey jumped over a fence into a yard owned by the Xiong family, stumbling and falling to the ground as he landed.

Irish testified that before jumping the Xiongs' fence, Bailey was running with his left hand holding up the waistband of his pants. Shortly after Bailey fell, Irish noticed that Bailey was no longer holding onto his waistband. Bailey jumped over another fence out of the Xiongs' yard and crossed the street, where he was able to evade Irish's pursuit.

Irish called for back up, and a police canine unit eventually found Bailey hiding behind a garage. Police arrested Bailey and placed him in the back of Irish's squad car. The car was equipped with an internal video-recording device that recorded Bailey's actions and words.

Because Bailey was not carrying identification, Irish parked in front of the Xiongs' house and asked for headquarters to send a mobile fingerprinting unit. While he waited for the fingerprinting unit to arrive, Irish asked Bailey his name, why he ran away, whether he had a criminal history, and whether there were any warrants for his arrest. Irish also asked Bailey whether he knew about other crimes in the neighborhood, suggesting that he might be able to "stay out of jail" by cooperating. Irish did not read Bailey his rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

While Bailey and Irish sat in the squad car, Chia Koua Xiong ran up to the vehicle and told Irish that his grandchildren had found a gun in his yard. Irish followed Xiong into his home, where Xiong showed him the gun. Irish asked Xiong to show him where the gun was recovered, and Xiong took Irish into the backyard and pointed toward the fence on the west side of the yard. Irish recognized it as the fence that Bailey had stumbled over earlier. Irish walked over to the fence and discovered a cellular telephone near where the gun was discovered. Irish collected the gun and the phone as evidence and returned to his squad car.

While Irish was investigating the Xiongs' discovery of a gun, Bailey remained in Irish's squad car with the internal video-recording device activated. Immediately after Irish exited the squad car and followed Xiong to his home, the camera captured Bailey saying, "Damn, they found that gun. F***. Damn. F***. Oh, man. Damn." The recording also shows that Bailey was exasperated and upset when Xiong reported finding the gun. Bailey talked to himself in the back of the squad car for approximately two minutes, repeatedly swearing and complaining that Xiong was a "bitch" and "nosy."

After Irish returned to his squad car, the mobile fingerprinting unit arrived, and Irish identified Bailey. Irish then transported Bailey to the local detention center. As Irish was turning Bailey over to detention staff, Bailey asked about the cell phone in a manner that, according to Irish, indicated that the phone was Bailey's.

A grand jury charged Bailey with possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Bailey stipulated that he was a convicted felon and that the firearm had traveled in interstate commerce, so the only disputed issue for trial was whether Bailey knowingly possessed the firearm. Bailey moved to suppress the statements he made while in the squad car after Irish left the vehicle, contending the statements were made in response

-3-

to custodial interrogation. The district court found that Bailey's statements were not in response to interrogation and denied the motion to suppress.

At trial, Irish testified consistent with the facts described above, and the government presented the recorded statements that Bailey made while he sat alone in Irish's squad car. Chia Xiong and his wife, Kia Xiong, testified about how their grandchildren discovered the firearm in their yard. The jury convicted Bailey, and the court sentenced him to 120 months' imprisonment.

## II.

Bailey argues that the district court erred in denying his motion to suppress the statements he made while sitting alone in Irish's squad car. Because Bailey challenges only the district court's legal conclusion that the statements were admissible, we review *de novo*. *United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1038 (8th Cir. 2010).

Bailey contends that the court should have suppressed his statements because Irish did not administer a *Miranda* warning before Bailey made the statements. *Miranda* warnings are required, however, only when police interrogate a defendant in custody. Voluntary statements unprompted by interrogation are admissible with or without *Miranda* warnings. *United States v. McGlothen*, 556 F.3d 698, 701 (8th Cir. 2009).

Interrogation occurs only when there is express police questioning or its "functional equivalent," which means "words or actions *on the part of the police* . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980) (emphasis added; footnote omitted). The actions that prompted Bailey's incriminating statements were taken by Xiong, a private citizen, and there is no

evidence that Xiong was acting in concert with the police. *See Arizona v. Mauro*, 481 U.S. 520, 528 (1987). Xiong's report to Irish was not an interrogation of Bailey, so Bailey was not entitled to a *Miranda* warning.

Bailey argues the statements were the result of interrogation because Irish did question him before Xiong approached the vehicle. Even assuming that Irish's questions—most of which were in the nature of permissible "routine booking question[s]," *see Pennsylvania v. Muniz*, 496 U.S. 582, 601-02 (1990)—rose to the level of interrogation, the government did not introduce any statement that Bailey made in response to those questions. Irish's conversation with Bailey ended before Xiong approached the vehicle. An unwarned statement is admissible if it is made voluntarily after police questioning has ended. *See, e.g.*, *United States v. Briones*, 390 F.3d 610, 612-13 (8th Cir. 2004).

Bailey also argues that Irish sought to elicit incriminating statements by leaving him alone in the squad car near the alleged crime scene with the video-recording device turned on. Irish's act of leaving Bailey in that situation did not constitute interrogation. *United States v. Hernandez-Mendoza*, 600 F.3d 971, 976-77 (8th Cir.), *as amended* 611 F.3d 418 (8th Cir. 2010). Irish might have hoped or even expected that Bailey would say something if left alone, "but an expectation of voluntary statements does not amount to deliberate elicitation of an incriminating response." *Id.* at 977. "Officers do not interrogate a suspect simply by hoping that he will incriminate himself." *Mauro*, 481 U.S. at 529. The district court properly denied Bailey's motion to suppress.

Bailey argues alternatively that the government did not present sufficient evidence to prove that he possessed the firearm. We must view the evidence in the light most favorable to the verdict, accepting all reasonable inferences in favor of the verdict. *United States v. Gutierrez*, 757 F.3d 785, 789 (8th Cir. 2014). We will reverse only if no reasonable juror could have convicted Bailey. *Id.*

The evidence supporting the conviction was substantial. When Irish stopped the vehicle in which Bailey was a passenger, Bailey immediately fled through a residential neighborhood. The Xiongs' grandchildren located the firearm in a fenced yard along the route of Bailey's flight, and the discovery was reported to police within forty-five minutes of Bailey's apprehension. Irish testified that he saw Bailey fall down near where the firearm was discovered, and that shortly after his fall, Bailey was no longer holding his waistband as he ran. When Xiong led Irish to the area where his grandchildren discovered the gun, Irish also found a cell phone that Bailey later indicated was his. Bailey's recorded reaction to Xiong's discovery of the firearm demonstrated consciousness of guilt. From this evidence, a jury reasonably could have inferred that Bailey, a convicted felon, fled to avoid detection of the handgun, that he was holding the firearm in his waistband as he ran initially, and that he dropped the firearm and the cell phone when he fell.

\* \* \*

The judgment of the district court is affirmed.

_____