# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2342

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Walter Smialek

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 18, 2020
Filed: August 17, 2020

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Steven Smialek was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). He appeals his conviction, arguing that the district court[1] erred by denying

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

his motion to suppress statements made before receiving a *Miranda* warning, by denying his motion for a mistrial due to a witness's spontaneous reference to two of Smialek's past bank robbery convictions, and that the district court should have *sua sponte* dismissed his indictment because the Government presented inaccurate testimony to the grand jury. We affirm.

## I.

In March, 2018, Smialek robbed a TCF Bank in Fridley, Minnesota. He approached the teller, showed a note demanding cash, warned he had a gun, and said "don't give me any trackers." 7/3/19 Tr. 43:15. He made off with just under $4,000 but was arrested nearly two months later. This was not Smialek's first robbery; he had robbed the same TCF Bank in 2008 in a nearly identical fashion and had been convicted of two other bank robberies in 1980 and 1995.

After being taken into custody, Smialek pestered FBI Special Agent Dave Walden for the date of the robbery. Eventually, Special Agent Walden answered. Smialek then volunteered a detailed alibi, including what buses he had taken that day, where he bought cigarettes, and that he had purchased two chicken breasts and a coke from Popeyes. Notably, his account did not rule out his involvement with the robbery. Special Agent Walden repeatedly tried to give Smialek a *Miranda* warning during this exchange, but because Smialek continually cut him off, he did not do so before Smialek provided his alibi. After the district court denied Smialek's motion to suppress his alibi statements, the jury convicted him and he was sentenced to 140 months in prison.

## II.

Smialek argues the district court erred by denying his motion to suppress his alleged alibi. At trial, the jury saw a video of Smialek explaining his alibi to Special

Agent Walden. Special Agent Walden also testified that Smialek's recall was "very unusual." 7/3/19 Tr. 137:3. The denial of a motion to suppress evidence presents a mixed question of law and fact. We review the district court's factfinding supporting denial for clear error and its legal conclusions *de novo*. *United States v. Williams*, 777 F.3d 1013, 1015 (8th Cir. 2015).

"The Fifth Amendment requires that *Miranda* warnings be given when a person is interrogated by law enforcement after being taken into custody." *United States v. Giboney*, 863 F.3d 1022, 1027 (8th Cir. 2017). The Government concedes Smialek was in custody, so we only assess whether Smialek was interrogated when he gave his alibi. "Voluntary statements unprompted by interrogation are admissible with or without *Miranda* warnings." *United States v. Bailey*, 831 F.3d 1035, 1038 (8th Cir. 2016). Under *Miranda*, "interrogation" refers to express questioning and its functional equivalent, *i.e.* "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). In most cases where an officer responds to a defendant's question, his response does not amount to an interrogation. *United States v. Crisolis-Gonzalez*, 742 F.3d 830, 837 (8th Cir. 2014).

Special Agent Walden attempted to give Smialek a *Miranda* warning, but was repeatedly interrupted by Smialek, who was noncompliant and insisted on knowing the date of the robbery. After Smialek asked when the robbery happened for a fifth time, Special Agent Walden finally responded "March 10th." Smialek contends that Special Agent Walden should have reasonably known that providing the information Smialek badgered him for would elicit an incriminating response. Instead of responding, Smialek says Special Agent Walden should have continued to insist on providing a *Miranda* warning.

We are not persuaded that Special Agent Walden should have expected that Smialek would immediately volunteer an alleged alibi when he learned the date of a robbery that occurred almost two months prior. "The statements were instead responses to [defendant's] own inquiries and thus part of a conversation 'normally attendant to arrest and custody.'" *United States v. Lockett*, 393 F.3d 834, 838 (8th Cir. 2005) (citations omitted). Even if Special Agent Walden expected a response from Smialek, it was not reasonably likely that it would be incriminating. *See United States v. Hernandez-Mendoza*, 600 F.3d 971, 977 (8th Cir.), *as amended*, 611 F.3d 418 (8th Cir. 2010) ("[A]n expectation of voluntary statements does not amount to deliberate elicitation of an incriminating response.").

Special Agent Walden stating the date of the robbery in response to Smialek's questions was not an interrogation. Smialek's alleged alibi was not prompted by interrogation and the district court did not err by denying the motion to suppress. *See Bailey*, 831 F.3d at 1038.

III.

Smialek also argues that it was error for the district court to deny his motion for a mistrial because the jury improperly heard testimony about two of Smialek's three prior bank robbery convictions.

Before trial, the district court ruled that Smialek's 2008 bank robbery conviction could be admitted to show identity and modus operandi, but excluded his 1980 and 1995 convictions. During trial, the Government called a witness who reported Smialek as a possible suspect for the bank robbery after she saw a news report. The witness was asked how she connected Smialek to the TCF robbery and testified that "I Googled [Smialek's] name . . . and ran across stories that he had been convicted of robbing three other banks . . . ." 7/3/19 Tr. 266:15–18. The Government immediately tried to direct the conversation away from the improper statement,

focusing on the connection the witness made to TCF Bank, the location of the 2008 robbery. But because this testimony contradicted its pretrial ruling, the court gave the jury a curative instruction. It denied Smialek's motion for a mistrial.

We review a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Branch*, 591 F.3d 602, 607 (8th Cir. 2009). "As a general rule, the decision whether a trial has been so tainted by prejudicial testimony that a mistrial should be declared lies within the discretion of the district court," *United States v. Muza*, 788 F.2d 1309, 1312 (8th Cir. 1986), which "[i]s in a far better position to measure the effect of an improper question on the jury than an appellate court which reviews only the cold record." *United States v. Hollins*, 432 F.3d 809, 812 (8th Cir. 2005) (citation omitted). "[E]xposure of a jury to improper testimony ordinarily is cured by measures less drastic than a mistrial, such as an instruction to the jury to disregard the testimony." *Id.* (quoting *United States v. Sherman*, 440 F.3d 982, 987 (8th Cir. 2006).

To determine the prejudicial effect of any improper testimony, we "examin[e] the context of the error and the strength of the evidence of the defendant's guilt." *United States v. Cole*, 380 F.3d 422, 427 (8th Cir. 2004). "When a district court provides a remedial instruction to the jury, [we] must still determine whether the verdict was substantially swayed by the prejudicial comment" and will affirm a conviction when there is "substantial evidence" of guilt. *Branch*, 591 F.3d at 607 (citation omitted).

There was substantial evidence of Smialek's guilt. Six witnesses identified Smialek as the bank robber, including the bank teller Smialek approached for the money. He robbed the same bank in 2008 in a similar way, the only significant difference being that this time, his demand note also said "don't give me any trackers," a reference to how he was caught for his 2008 robbery. A nearby surveillance camera captured footage showing a car that looked like Smialek's

parking near the bank before the crime and leaving immediately afterward. Smialek's detailed alibi did not exclude him from this robbery. Given this evidence against him, the district court did not abuse its discretion in denying Smialek's motion for a mistrial. *See Hollins*, 432 F.3d at 812.

IV.

Finally, Smialek claims that the indictment should have been dismissed because the grand jury heard inaccurate and prejudicial evidence that rendered its proceedings fundamentally unfair. Special Agent Walden told the grand jury that a pair of pants found in Smialek's apartment matched the pants the bank robber wore based on the bank's surveillance footage. At trial, he retreated, explaining, "I determined that the pants were of less significance than I thought when I took them." 7/3/19 Tr. 212:4–6.

Smialek forfeited the issue by failing to raise it at trial, so we review for plain error. *United States v. Robertson*, 606 F.3d 943, 950 (8th Cir. 2010). Smialek argues he did not forfeit the issue, which would have been impossible to raise in a pretrial motion because Special Agent Walden did not rescind his statement about the significance of the pants until trial. Though we agree that Smialek did not waive the issue by failing to file a pretrial motion, Smialek still failed to raise the issue before the district court at all, so it is forfeited. *See United States v. Rice*, 449 F.3d 887, 894 (8th Cir. 2006); *United States v. Olano*, 507 U.S. 725, 733 (1993).

In most cases, plain error requires that an error be prejudicial. *Olano*, 507 U.S. at 734. Even if Smialek had preserved this issue, he would need to show prejudice because we only dismiss a grand jury indictment "upon a showing of actual prejudice to the accused . . . . Dismissal of an indictment based on grand jury bias is an extreme remedy, and the party seeking relief carries a heavy burden." *United States v. Ziesman*, 409 F.3d 941, 948 (8th Cir. 2005) (citation omitted). A petit jury's guilty

verdict renders any errors in the charging decision not prejudicial. *See United States v. Louper-Morris*, 672 F.3d 539, 559 (8th Cir. 2012). Here, the jury convicted Smialek without the disputed evidence. The district court did not plainly err by failing to dismiss the indictment *sua sponte*.

The judgment of the district court is affirmed.

_____