# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-1210
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Martinez Harris, also known as Maurice Terrell Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: February 13, 2023
Filed: April 6, 2023
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Anthony Martinez Harris of possession with intent to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced him to 262 months in prison. Harris appeals the conviction, challenging the denial of a pretrial motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In September 2019, staff at a hotel in Camdenton, Missouri called police about an occupant who refused to leave the property. Camdenton Police Officer Nicholas Thomas arrived. The staff said they smelled marijuana coming from Harris's room. Through an open door into the room, Officer Thomas saw money on the bed and white powder on the coffee table. He detained Harris and tried to give him *Miranda* warnings. Harris said he did not understand them. Officer Thomas explained them. Harris replied that he understood. Before Officer Thomas said anything else, Harris offered Officer Thomas $50,000 to let him go and said he was involved with "the cartel" and "MS-13." Officer Thomas searched the room.

Camden County Deputy Sheriff Brian Bonner arrived. Deputy Bonner asked Harris what was in the room. He replied that there was meth, cocaine, heroin, and PCP. He consented to a search of the room. Officers found cash, guns, drugs, and drug paraphernalia. They also found an object wrapped in a piece of camouflage fabric. Harris volunteered that it was C-4 explosive.

Officer Thomas took Harris to the county jail. Meanwhile, Narcotics Group Task Force Officer Bryan Pratt arrived at the hotel. He found a Kia key in Harris's pocket that matched a stolen car in the hotel parking lot. He searched the Kia, finding more drug contraband. He went to the jail to meet with Harris. He began by advising him of his *Miranda* rights. Harris "would not answer yes or no that he understood his rights," so Officer Pratt did not ask any questions. Instead, he told Harris that the keys found in Harris's pocket belonged to a stolen car. Harris replied that the Kia was his car. Later that day, the jail sent Harris for a fit-for-confinement evaluation. He was found fit for incarceration.

Harris moved to suppress (1) his statements to Officer Thomas and Deputy Bonner at the hotel; and (2) his statement to Officer Pratt that the Kia belonged to him. At the suppression hearing, all three officers testified that Harris was not intoxicated. The district court found their testimony credible. The magistrate judge recommended denying the motion, finding that some of Harris's statements were not in response to an interrogation and others were made after a valid *Miranda* waiver.

*See Miranda v. Arizona*, 384 U.S. 436 (1966). Harris objected. He requested reopening the hearing to introduce evidence he was intoxicated. The district court[1] denied his request and adopted the report and recommendation. At trial, the government introduced the incriminating statements.

## I.

Harris argues the district court erred in denying his motion to suppress because his *Miranda* waiver was not "voluntarily, knowingly, and intelligently made. "On review of a motion to suppress, this court reviews factual findings for clear error and legal conclusions *de novo*." **United States v. Lewis**, 864 F.3d 937, 941 (8th Cir. 2017).

## A.

The district court found that some of Harris's statements were "not subject to *Miranda* scrutiny because they were made spontaneously and not in response to" questioning. This included Harris's comments to Officer Thomas at the hotel that he was involved with the cartel and MS-13 and would give him $50,000 to let him go. The district court did not err in finding that these statements were spontaneous, volunteered, and not in response to interrogation. *See* **United States v. Chipps**, 410 F.3d 438, 445 (8th Cir. 2005) (holding statement was spontaneous when made "during a conversation not initiated by the officer"). They were, therefore, admissible, regardless of the *Miranda* waiver. *See* **United States v. Turner**, 157 F.3d 552, 556 (8th Cir. 1998) ("We have repeatedly held that a voluntary statement made by a suspect, not in response to interrogation, is not barred and is admissible with or without the giving of *Miranda* warnings." (cleaned up)).

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri.

-3-

B.

For the rest of the statements made at the hotel, Harris argues he was too intoxicated to waive his *Miranda* rights. He asserts that the district court's finding that his waiver was "voluntarily, knowingly, and intelligently made" was based on "clearly erroneous factual findings." He bases this argument in part on trial testimony of police officers and others that he showed signs that he was on drugs. The government argues that because Harris did not renew his motion to suppress at trial, he failed to preserve the issue, and review is for plain error. *See United States v. Quintanilla*, 25 F.3d 694, 698 (8th Cir. 1994) (reviewing for plain error a defendant's argument, based on trial evidence, that a search-warrant affidavit contained misrepresentations, when the defendant had argued in district court only that the application failed to establish probable cause). This court need not decide the issue because the claim fails under either standard.

Harris argues that his incriminating statements demonstrate a substantial level of intoxication because no sober person facing criminal liability would make them to law enforcement. But intoxication alone does not preclude a valid waiver. *See United States v. Figueroa-Serrano*, 971 F.3d 806, 815 (8th Cir. 2020) (finding a valid *Miranda* waiver when the suspect, after using marijuana, did not appear affected by intoxication and told officers he understood his rights). Instead, the test is whether, considering the totality of the circumstances, the mental impairment "caused the defendant's will to be overborne." *United States v. Jones*, 842 F.3d 1077, 1083 (8th Cir. 2016).

Harris's intoxication did not cause his will to be overborne. The district court found Harris was "alert, aware of his criminal liability, and appropriately responding to questions" while talking with the officers. It credited the officers' testimony that he "appeared coherent and did not tell them that he was intoxicated or under the influence of drugs." His behavior was "consistent with someone who understood the nature of his crimes," and he "did not appear to be intoxicated." The court also noted that Harris's extensive criminal history—including five arrests and

convictions—supported this conclusion. *See **United States v. Gaddy***, 532 F.3d 783, 788-89 (8th Cir. 2008) (holding that past experience with law enforcement may support a finding of voluntariness). The court did not err in finding "no evidence that Mr. Harris' alleged intoxication caused his will to be overborne." *See **Jones***, 842 F.3d at 1083 (defendant waived *Miranda* rights despite prescription drug use and slow, sometimes unresponsive answers); ***Gaddy***, 532 F.3d at 788-89 (defendant waived *Miranda* rights despite alcohol and drug use combined with a lack of sleep); ***Turner***, 157 F.3d at 555-56 (defendant waived *Miranda* rights despite PCP use and mental illness).

## C.

Harris contends his statement to Officer Pratt about the Kia should have been suppressed because it was made after he invoked his *Miranda* rights. As the district court recognized, however, invoking the right to remain silent requires a "clear, consistent expression of a desire to remain silent." ***United States v. Adams***, 820 F.3d 317, 323 (8th Cir. 2016). The district court found that "the record does not reflect that Mr. Harris unequivocally invoked his right to remain silent during his brief conversation with Officer Pratt. To the contrary, Officer Pratt testified that after reading Mr. Harris his rights, Mr. Harris indicated he wanted to talk to him but then kept going 'back and forth' on that issue." The district court did not err in determining that Harris did not unequivocally invoke his right to remain silent. *See **id.*** (holding that there was an implicit *Miranda* waiver where defendant made "uncoerced statements" to law enforcement).

The district court did not err in admitting the incriminating statements.

## II.

Harris believes the district court "erred in declining to reopen the suppression hearing for the admission of additional testimony and evidence." This court reviews for abuse of discretion. ***United States v. Hayden***, 759 F.3d 842, 845 (8th Cir. 2014).

In moving to reopen the hearing, Harris sought to introduce evidence he was intoxicated, including a hotel manager's signed police statement that "he had some type of drug in his system" and his fit-for-confinement evaluation performed at the county jail. Harris fails to show the probative value of this evidence. *See United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008) (holding that "the district court did not abuse its discretion when it declined to reopen the record for evidence of limited probative value"). The question was not whether Harris had used drugs. Rather, it was whether he was so intoxicated that he could not knowingly waive his *Miranda* rights. The hotel manager's statement did not address that question. Nor would the fit-for-confinement evaluation change the court's conclusion because it deemed him fit for incarceration. He also fails to explain why he did not introduce this evidence at the initial suppression hearing. *See United States v. Davis*, 174 F.3d 941, 948 (8th Cir. 1999) (holding that if a party thought the "testimony was vital to the court's inquiry, it could have requested" that the hearing be delayed until the testimony could be presented).

The district court did not abuse its discretion in not reopening the suppression hearing.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____