# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2704

———————————————

United States of America

*Plaintiff - Appellee*

v.

Katherine L. Woitaszewski

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska

——————————

Submitted: January 10, 2023
Filed: May 4, 2023
[Unpublished]

——————————

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Katherine Woitaszewski entered a conditional plea of guilty to being a felon in possession of a firearm and possessing a stolen firearm. On appeal, Woitaszewski

argues the district court[1] erred by denying her motion to suppress incriminating statements and evidence because law enforcement should have provided warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966). We affirm.

## I. Background

Based on information from a confidential informant, United States Deputy Marshal Daniel Potter believed Woitaszewski, a former inmate with outstanding arrest warrants, was planning to assist a prison break. Deputy Potter sought assistance from the Omaha Police Department. He told the Omaha Police Department that Woitaszewski and the confidential informant would be in a black Ford F-350 near the airport in Omaha, Nebraska. Two City of Omaha police officers pulled over a truck that matched the description. Deputy Potter later identified Woitaszewski, at which point she was removed from the truck and placed in handcuffs. While Woitaszewski was exiting the truck, Deputy Potter asked whether she had a weapon. It is unclear what, if anything, Woitaszewski said in response.

Woitaszewski was eventually placed in the back of a patrol car. In total, approximately eighteen minutes elapsed between the truck stop and when Woitaszewski was placed in handcuffs. Sometime after Woitaszewski was placed in the patrol car, she asked to speak with Deputy Potter. When Deputy Potter walked up to Woitaszewski, she told him there was a gun in a backpack in the truck. An officer searched the backpack and found a gun, ammunition, and drugs. Notably, Woitaszewski received no *Miranda* warnings before she was asked if she had a weapon or before she said there was a gun in the backpack.

Following her arrest, Woitaszewski was indicted for being a felon in possession of a firearm and possessing a stolen firearm. *See* 18 U.S.C. §§ 922(g)(1),

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendation of the Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

(j), and 924(a)(2). Woitaszewski later filed a motion to suppress incriminating statements and evidence obtained during the traffic stop. After an evidentiary hearing, the magistrate judge recommended the district court deny the motion. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court overruled Woitaszewski's objection, adopted the recommendation, and denied the motion to suppress.

Woitaszewski later pled guilty but preserved the right to appeal the district court's denial of her motion to suppress. *See* Fed. R. Crim. P. 11(a)(2). After the district court sentenced Woitaszewski to 54 months of imprisonment, Woitaszewski timely appealed.

## II. Analysis

Woitaszewski raises a single issue on appeal: whether the district court erred by denying her motion to suppress because law enforcement should have provided her *Miranda* warnings before she volunteered incriminating information. Under *Miranda*, "a law enforcement officer, prior to conducting custodial interrogation, must advise the suspect of his [or her] right to be free from compulsory self-incrimination and to the assistance of counsel." *United States v. Pelayo-Ruelas*, 345 F.3d 589, 591 (8th Cir. 2003). A district court's denial of a motion to suppress based on *Miranda* is subject to a mixed standard of review: we review legal conclusions de novo and factual findings for clear error. *United States v. Sanchez*, 676 F.3d 627, 630 (8th Cir. 2012).

Woitaszewski argues she was subject to custodial interrogation under *Miranda* when Deputy Potter asked if she had a weapon while Woitaszewski was exiting the truck. It is unclear whether Woitaszewski responded to the question, but a number of events followed: Woitaszewski was placed in handcuffs, a female officer was called to conduct a pat-down search, the female officer arrived and completed the pat-down search, Woitaszewski said goodbye to her dog, and law enforcement placed her in the back of a patrol car. Woitaszewski later asked one of

the police officers, multiple times, if she could speak with Deputy Potter. When Deputy Potter finally approached Woitaszewski, he told her that he would talk to her later. Woitaszewski nonetheless volunteered to him that there was a gun in a backpack in the truck.

We need not decide whether Woitaszewski was subjected to custodial interrogation when she was asked if she had a weapon. Even assuming Deputy Potter subjected Woitaszewski to custodial interrogation under *Miranda*, any questioning by Deputy Potter unambiguously ended before Woitaszewski re-initiated the conversation and volunteered incriminating information. "An unwarned statement is admissible if it is made voluntarily after police questioning has ended." *United States v. Bailey*, 831 F.3d 1035, 1038 (8th Cir. 2016) (citing *United States v. Briones*, 390 F.3d 610, 612–13 (8th Cir. 2004)); *see also United States v. Harris*, 64 F.4th 999, 1002 (8th Cir. 2023). Accordingly, the district court did not err by denying the motion to suppress. *See Bailey*, 831 F.3d at 1038; *Briones*, 390 F.3d at 612–13.

### III. Conclusion

We affirm the judgment of the district court.

_____