# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1244
_____

United States of America

*Plaintiff - Appellee*

v.

Terrell Moses

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: April 16, 2025
Filed: July 30, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

A jury convicted Terrell Moses of unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Moses appeals, arguing there is insufficient evidence to sustain his conviction and that the district court[1] abused its discretion by

_____

[1]The Honorable Kristine G. Baker, then District Judge, now Chief Judge, United States District Court for the Eastern District of Arkansas.

admitting evidence of his waiver of a parole revocation hearing and prior misdemeanor conviction. We affirm.

In November 2019, Officer Joseph Manno received a call about two males potentially selling drugs from a vehicle outside an apartment complex. Officer Manno pulled the two suspects out of the vehicle after observing and smelling marijuana. He later identified Moses as the driver and Orlando Toney as the passenger. When Officer Manno attempted to handcuff Moses, he resisted and took off running toward the back of the apartment complex. Toney ran in a different direction. As Officer Manno began chasing Moses, he heard Toney drop a metal object on the ground that was later identified as an ammunition magazine. During the pursuit, Moses jumped over a fence away from the apartment complex and then jumped back over the same fence toward the apartment complex. Officer Manno lost sight of Moses after he jumped over the fence the second time. Officers searched Moses's flight path and found two firearms inside a bush beside the apartment building. One of the firearms fit the ammunition magazine Toney dropped. Officers later found Moses in an apartment and arrested him.

A grand jury charged Moses with one count of unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Before trial, Moses moved to exclude evidence of his waiver of a parole revocation hearing and any associated documents, including his parole violation report. He also moved to exclude his prior misdemeanor conviction for carrying a weapon. The district court denied his motions and explained it would give limiting instructions at the time the evidence was presented to the jury. When the government sought to introduce the evidence at trial, the district court instructed the jury that it may consider the waiver in light of the lack of criminal process in parole revocation proceedings, "including the circumstances under which the statement may have been made," and that it may consider the prior misdemeanor conviction only for determining Moses's lack of mistake or accident with respect to the crime charged. Moses moved for a judgment of acquittal, which the district court denied, and the jury found him guilty of the crime charged. Moses appeals.

Moses first argues there is insufficient evidence to sustain his conviction because the government failed to prove he knowingly possessed the firearms. We review challenges to the sufficiency of the evidence de novo. *United States v. Brown Bull*, 137 F.4th 705, 707 (8th Cir. 2025). "We will reverse only if no reasonable jury could have found the defendant guilty." *Id.* (quoting *United States v. Cook*, 603 F.3d 434, 437 (8th Cir. 2010)). For the jury to find Moses guilty of unlawfully possessing a firearm as a felon, the government had to prove the following elements beyond a reasonable doubt: (1) he had a "previous conviction of a crime punishable by a term of imprisonment exceeding one year," (2) he "knew he belonged to the relevant category of persons barred from possessing a firearm," (3) he knowingly possessed the firearms, and (4) the firearms were in or affecting interstate commerce. *United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020) (first quoting *United States v. Montgomery*, 701 F.3d 1218, 1221 (8th Cir. 2012); and then quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)).

Only the third element is at issue here: whether the government proved beyond a reasonable doubt Moses knowingly possessed the firearms. *See Brown Bull*, 137 F.4th at 707 (explaining the government could prove this element by showing the defendant had either actual or constructive possession of the firearm). Though there was no eyewitness or evidence that Officer Manno saw Moses drop an object or weapon during the pursuit, Officer Manno testified the firearms were found in a bush along Moses's flight path and only Moses and Officer Manno were present in that area. Thus, despite Moses's contrary arguments, there was sufficient circumstantial evidence from which a reasonable jury could have found beyond a reasonable doubt Moses knowingly possessed the firearms found in the bush along his flight path. *See United States v. Light*, 406 F.3d 995, 997–98 (8th Cir. 2005) (relying on circumstantial evidence to show the defendant knowingly possessed the firearm); *United States v. Bailey*, 831 F.3d 1035, 1039 (8th Cir. 2016) (concluding there was sufficient evidence to prove the defendant possessed the firearm when it was found along his flight path and recovered within forty-five minutes of officers apprehending him). *See, e.g.*, *United States v. Gardner*, 387 F. App'x 655, 656 (8th Cir. 2010) (unpublished) (concluding there was sufficient evidence to show

-3-

possession when officers found a firearm in the direct path of the defendant's flight and only the police and the defendant were present at the scene).

Moses next argues the district court abused its discretion in permitting the government to present evidence that he waived a hearing to contest the revocation of his parole and was previously convicted of a misdemeanor offense for carrying a weapon. "A district court's decision to admit evidence is reviewed for abuse of discretion." *United States v. Ramos*, 852 F.3d 747, 755 (8th Cir. 2017).

As to the waiver, Moses argues this case is identical to *Ramos*. In *Ramos*, a single judge of this court concluded the district court improperly admitted evidence of the defendant's waiver of a parole revocation hearing because the probative value of the admissions in the waiver was diminished by "the context in which they were made," including that "he was not entitled to 'the full panoply of rights applicable to a criminal trial,'" the waiver bore "indicia of official reliability," and it was not clear as to which of the alleged parole violations he admitted. *Id.* at 750, 756–57 (first quoting *Morrissey v. Brewer*, 408 U.S. 471, 499 (1972) (Douglas, J., dissenting); and then quoting *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009)). *But see id.* at 758 (Arnold, J., concurring) (explaining "[he] would not reach the question of whether the district court erred in admitting Ramos's admission" and "[t]he conclusion that there was error is therefore dictum"). However, the district court here gave a limiting instruction that addressed the concerns expressed in *Ramos* regarding the lack of criminal process in parole revocation proceedings and the weight the jury should give the waiver despite its official reliability, which ultimately mitigated the risk of any unfair prejudice. *See id.* at 756–57; *United States v. Burch*, 113 F.4th 815, 820 (8th Cir. 2024) (mitigating the risk of unfair prejudice by providing cautionary instructions). Further, it was "clear exactly which of the alleged violations [Moses] was admitting to" because the district court insisted that the waiver and parole violation report be redacted to show only those violations related to the crime charged. *See Ramos*, 852 F.3d at 756–57. Thus, the district court did not abuse its discretion in admitting evidence of Moses's waiver.

As to the prior conviction, Moses argues the government sought to admit it as propensity evidence and it should not have been admitted with or without a limiting instruction because in actual possession cases it is "unnecessary and impermissible to introduce prior convictions to show knowledge and absence of mistake." Moses, however, is mistaken because this court has explicitly held that "[k]nowing possession of a firearm . . . is an element of 18 U.S.C. § 922(g)(1)," and a "not-guilty plea in a felon-in-possession case makes past firearm convictions relevant to show the material issues of [the defendant's] knowledge of the presence of the firearm and his intent to possess it." *United States v. Harrison*, 70 F.4th 1094, 1097 (8th Cir. 2023) (last two alterations in original) (first quoting *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006); and then quoting *United States v. Drew*, 9 F.4th 718, 723 (8th Cir. 2021)). "This rule applies 'even when the prosecution proceeds solely on an actual possession theory.'" *Id.* (quoting *United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020)). Indeed, the prior misdemeanor conviction for carrying a weapon was not only relevant to material issues in this case — Moses's knowledge and intent — but was redacted and could be considered only for the purpose for which the district court limited it — absence of mistake or lack of accident. *See id.* at 1097–98 (concluding the district court addressed the potential for any unfair prejudice by giving a limiting instruction). Thus, the district court did not abuse its discretion in admitting Moses's prior conviction.

We affirm the judgment of the district court.

_____